# United States Court of Appeals

### For the Eighth Circuit

_____

No. 23-2247

_____

United States of America,

*Plaintiff - Appellee,*

v.

Jeremy Young Hutchinson,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: June 13, 2024
Filed: August 22, 2024
[Unpublished]

_____

Before COLLOTON, Chief Judge, MELLOY and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Jeremy Hutchinson pleaded guilty to conspiring to commit federal programs bribery. The district court* sentenced him to fifty months' imprisonment. Hutchinson appeals and raises several arguments relating to his plea agreement based on Federal Rule of Criminal Procedure 11(c)(1)(B). We reject the contentions and affirm the judgment.

A grand jury in the Western District of Missouri charged Hutchinson with conspiring to commit theft or bribery in connection with programs receiving federal funds. *See* 18 U.S.C. §§ 371, 666(a)(1)(B), 666(a)(2). The parties entered into a plea agreement under Rule 11(c)(1)(B), as part of a "global settlement" resolving this case and two others in federal courts in Arkansas.

The parties jointly recommended Hutchinson's base offense level under the sentencing guidelines, the application of particular increases and decreases in the offense level, and an appropriate criminal history category. The parties also reserved their "right to argue for any lawful sentence," including a sentence outside the guideline range, so long as the argument did not violate the agreement.

At sentencing, the district court first calculated an advisory guideline range of 108 to 135 months' imprisonment. The statutory maximum penalty, however, was 60 months, *see id.* § 371, so 60 months became the guideline sentence. USSG § 5G1.1(a). The government recommended a sentence of 51 months to run consecutively to Hutchinson's sentences in the Arkansas cases. Hutchinson sought a sentence of a year and a day to run concurrently with the other sentences. Hutchinson did not object that the government's advocacy conflicted with Rule 11

---

*The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

or the plea agreement. The district court sentenced Hutchinson to 50 months' imprisonment to be served consecutively to the sentences imposed in the Arkansas cases. In making its determination, the district court had access to the sentencing transcript from Hutchinson's cases in Arkansas, and the court referred to the sentences imposed in Arkansas.

Hutchinson raises several issues on appeal. All turn on whether his plea agreement and the government's conduct at sentencing complied with Rule 11(c)(1)(B). The arguments were forfeited in the district court, so we review only for plain error. *United States v. Olano*, 507 U.S. 725, 732-33 (1993).

Subsection (B) allows parties to enter plea agreements under which the government may:

> recommend, or agree not to oppose the defendant's request, that a particular sentence or sentencing range is appropriate or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request does not bind the court).

Hutchinson contends that the text of Rule 11(c)(1)(B) "requires that the Government either join in or not oppose the defense's sentencing recommendation." He maintains that the portions of the agreement reserving the government's right to make its own recommendation were unenforceable or rendered the agreement ambiguous. Hutchinson contends that the government committed prosecutorial misconduct by making its own sentencing recommendation. He also argues that his counsel was ineffective for failing to raise these objections.

Hutchinson's position is that Rule 11(c)(1)(B) constrains the government either to "recommend" or "agree not to oppose" *the defendant's request* for a particular determination at sentencing, and does not allow the government to make its own

recommendation. This reading ignores punctuation in the text of the rule that creates two separate clauses. The rule allows for two options: the government may "recommend . . . that a particular sentence or sentencing range is appropriate," or the government may "agree not to oppose the defendant's request . . . that a particular sentence or sentencing range is appropriate." The rule provides the same two options for other determinations under the sentencing guidelines. The rule does not call for the government to "recommend . . . the defendant's request" because that formulation would combine two separate grammatical clauses. One clause specifies what the government may recommend. A separate clause, set off by commas, provides that the government may "agree not to oppose the defendant's request" on those matters.

A plea agreement under Rule 11(c)(1)(B), therefore, may specify that the government will recommend its own position regarding particular determinations at sentencing, or that the government will agree not to oppose the defendant's request on particular sentencing matters. The government may not argue against a promise that it makes in the agreement, *United States v. Fowler*, 445 F.3d 1035, 1038 (8th Cir. 2006), but it may disagree with the defendant on issues that the agreement does not address. *United States v. Quebedo*, 788 F.3d 768, 775 (8th Cir. 2015). The government does not bind itself to remain silent or join in a defendant's request simply by entering into an agreement under Rule 11(c)(1)(B).

Hutchinson's plea agreement conformed to Rule 11(c)(1)(B), and no party violated it. The parties jointly recommended a base offense level, the application of several adjustments, and a criminal history category. The agreement does not mention an appropriate final sentence or whether the sentence should be concurrent with or consecutive to the sentences imposed in the Arkansas cases. The agreement instead reserved the government's right to recommend any lawful sentence. The government did not violate the plea agreement by recommending a sentence of 51 months' imprisonment to run consecutively to Hutchinson's sentences in the

Arkansas cases. We therefore reject his arguments regarding an alleged breach of the plea agreement and alleged prosecutorial misconduct.

We ordinarily defer claims of ineffective assistance to collateral proceedings, *see United States v. Oliver*, 950 F.3d 556, 566 (8th Cir. 2020), but Hutchinson's claim in this appeal is foreclosed by our conclusion on his other contentions. He argues that his counsel was ineffective because the lawyer counseled him to sign an "illegal" plea agreement and did not object when the government made its own sentencing recommendation. Because the agreement was not illegal and the government permissibly made a recommendation, counsel's performance was not deficient or ineffective. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

For these reasons, the judgment of the district court is affirmed. The government's motion to dismiss the appeal is denied as moot. Hutchinson's motion to supplement the record with his Arkansas plea agreement is denied because the terms of that agreement are immaterial to the arguments raised in Hutchinson's brief on appeal.

_____